*Joseph G. Farr et al* v. *James R. Pymer et al.* L. H. Sandford, for complainants; S. Stevens, for defendants. **Deed obtained by duress.** The chancellor decided, in this case, that a deed or conveyance obtained by duress is not void, but merely voidable at the election of the party executing it.

**Creditor cannot set it aside.** That where a deed or conveyance is not voidable at the election of the grantor or those claiming under him and in privity with him, a creditor, as to whom it would have been valid if voluntarily given, has no right to interfere by a suit in his own name to set it aside, where the debtor himself does not elect to do so.

Decree of the vice chancellor reversed, and the bill as to appellants, dismissed with costs.

*James B. Thomas* v. *Henry A. Fish and others..* R. J. Hilton, for complainant; S. Stevens, for defendants. Decree of the vice chancellor reversed, and bill dismissed with costs.

*Aaron C. Burr* v. *Joseph C. Stanley.* A. Benedict, for appellant; C. C. King, for respondent. Decree of the vice chancellor reversed and modified.

*Elisha Ruckman* v. *John Jacob Astor.* S. Glover, for **Rents and profits of mortgaged premises redeemed; who entitled to.** complainant; J. Miller, for defendant. The chancellor decided in this case that the purchaser of mortgaged premises which are redeemed within the time limited by the act of 1837, is not entitled to the rents and profits received by him intermediate the sale and the time of redemption, *in addition to his* purchase money and ten per cent interest thereon; where the owner of the equity of redemption has neglected to give security to prevent such purchaser from taking possession.

**Equity of redemption.** That a sale or assignment of an equity redemption necessarily carries with it the right to an account for the rents and profits of the mortgaged premises, as an incident to the right of redemption.

Decree appealed from reversed and demurrer overruled.